**FEDERAL DEPOSIT INSURANCE CORPORATION, as liquidating agent for Security State Bank of Roosevelt, Oklahoma, Appellant,**

v.

**Rhea BIERMAN, Executrix of the Estate of Richard Bierman, Deceased, Appellee.**

**No. 73502.**

Court of Appeals of Oklahoma, Division No. 3.

Dec. 26, 1990.

Order Feb. 12, 1991.

Steven D. Beam, Weatherford, for appellant.

Robert F. Bourk, Oklahoma City, for appellee.

MEMORANDUM OPINION

HUNTER, Vice–Chief Judge:

Upon consideration of the briefs and record in the above styled matter, the Court finds as follows:

1. Appellant seeks review of the trial court's order authorizing disbursement of monies held in escrow. This appeal is the fourth separate appeal of trial court orders entered during the probate of the estate of Richard Bierman, Deceased. Appeals No. 72,306, 72,718 and 73,292 were previously

consolidated under surviving No. 72,306. However, this appeal was never consolidated with the aforementioned appeals.

The trial court entered its order determining entitlement to the proceeds of the sale of certain personal property of the estate. The trial court found that Appellee individually was entitled to receive an undivided one-half of the net proceeds of the sale of the personal property, and Appellee, as Executrix of the estate was entitled to receive an undivided one-half interest in the proceeds of the sale. Further, that Appellant was not entitled to any part of the proceeds of the sale of the personal property. Appellant timely appealed this order, Appeal No. 72,713. Appellant did not post a supersedeas bond to stay the enforcement of the order. Subsequently, Appellee filed her application for an order authorizing disbursement of the proceeds of the sale which were held in escrow, requesting that the trial court authorize payment of the escrowed funds to her as Executrix of the estate of Richard Bierman. Appellant filed its response objecting to the disbursement of the escrowed funds. The trial court ordered the escrowed funds to be distributed pursuant to its order determining entitlement to proceeds, finding that Appellant had not posted its required supersedeas bond.

2. Appellant contends the trial court erred in ordering the escrowed monies disbursed because the Appellant is not required to post a supersedeas bond. We disagree. Appellant relies on 6 O.S.Supp. 1988, § 1205(D) and 12 O.S.1981, § 66 as supportive of its proposition of error. Section 1205(D) provides that if the FDIC accepts the appointment as liquidator it shall proceed in liquidation as if it were the commissioner and shall act in the commissioner's stead and be substituted for the commissioner in all actions brought pursuant to Section 1018 of Title 6. 12 O.S.1981, § 66 provides that when an action is filed by the State of Oklahoma or by direction of any department of the State of Oklahoma no appeal bonds or other obligations of security shall be required either to prosecute, answer or appeal same. Appellant argues that because it proceeds as if it were the State Banking Commissioner its appeal comes within the provisions of 12 O.S.1981, § 66, and no appeal bond is required.

The trial court found that these two cited statutes did not relieve Appellant of the requirement to post a supersedeas bond to stay the execution of its order. The trial court cites 12 O.S.1981, § 66 in its entirety which requires no appeal bond by the State of Oklahoma or any party acting under its direction, but also provides that "in case of an adverse decision, such costs as by law are taxable against the State of Oklahoma or against the party acting by its direction, as aforesaid, shall be paid out of the contingent fund of the department under whose direction the proceedings were instituted." The trial court also cites 6 O.S.Supp.1988, § 1205(C) which provides, in part, that upon appointment of the FDIC as liquidator, the commissioner shall be forever thereafter relieved of any and all responsibility and liability in respect to the liquidation of such bank. Therefore, any costs assessed against the Appellant cannot be taxed against the contingent fund of the commissioner, and the exemption of the requirement of an appeal bond provided under Section 66 is not applicable to Appellant. We agree with the trial court's findings.

12 O.S.1981, § 968 requires the execution of a surety bond to stay execution of a final order of the trial court pending an appeal. The record reflects that Appellant failed to post the required surety or supersedeas bond prior to its appeal of the trial court's order determining entitlement to proceeds of the sale of personal property. As a result, Appellant was not entitled to a stay of the execution of the trial court's order.

For the reasons stated above, the order of the trial court is AFFIRMED.

GARRETT, P.J., and HANSEN, J., concur.

### ORDER

Appellee's Motion To Award Counsel Fees For Appeal–Related Services is

GRANTED. This matter is REMANDED to the trial court for the purpose of conducting an evidentiary hearing and determination of a reasonable fee consistant with *State of Oklahoma, ex rel. Burk v. City of Oklahoma City,* 598 P.2d 659 (Okl. 1979).